COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

TRUSTEES OF THE UNITE HERE NATIONAL
HEALTH FUND; TRUSTEES OF THE UNITE
HERE NATIONAL RETIREMENT FUND; and
TRUSTEES OF THE LUGGAGE WORKERS UNION
RETIREMENT FUND,

                    Plaintiffs,

            -against-

BAG SPECIALIST, INC.,

                    Defendant.

------------------------------------------------------------------X

PLAINTIFFS'
SECOND
AMENDED
COMPLAINT

07 Civ. 6188 (RMB)

      Plaintiffs, by their attorney Mark Schwartz, Esq., for their First Amended Complaint complaining of Defendant, respectfully allege as follows:

### NATURE OF ACTION

      1.    This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

### JURISDICTION

      2.    The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f).

### VENUE

      3.    Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

## THE PARTIES

4.  Plaintiff UNITE HERE National Health Fund ("Health Fund") is an "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1). Plaintiff UNITE HERE National Health Fund is successor by merger with the Health and Welfare Fund of The Luggage Industry – Local 60. Plaintiff Trustees of the Health Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Health Fund maintains its principal administrative offices at 730 Broadway, New York, New York 10003.

5.  Plaintiff UNITE HERE National Retirement Fund ("Retirement Fund") is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2). Plaintiff Trustees of the Retirement Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Retirement Fund maintains its principal administrative offices at 730 Broadway, New York, New York 10003.

6.  Plaintiff Luggage Workers Union Retirement Fund ("Luggage Workers Union Retirement Fund") is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2). Plaintiff Trustees of the Luggage Workers Union Retirement Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Luggage Workers Union Retirement Fund maintains its principal administrative offices at 730 Broadway, New York, New York 10003.

7.  Upon information and belief, Defendant Bag Specialist, Inc. is a New Jersey corporation having or having had its principal place of business at 900 Passaic Avenue, Building 53 – 5th Floor, Newark, New Jersey 07029.

8. Intimate Apparel, Embroidery, Belt & Allied Workers Union, Local 62-32, UNITE, successor in interest to the Luggage & Brush Workers Union, Local 60, I.L.G.P.N. & S.W.U. ("the Union") is an unincorporated "labor organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Upon information and belief, the Union and Defendant have been parties to a series of collective bargaining agreements covering all relevant periods herein. Pursuant to said collective bargaining agreements, contributions to Plaintiff Funds were and are due to be paid monthly by Defendant.

### AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE HEALTH FUND AGAINST DEFENDANT

9. Plaintiff Trustees of the Health Fund repeat and reallege each and every allegation contained in paragraphs "1" through "8" of this Complaint with the same force and effect as if set forth at length herein.

10 Contributions to the Health Fund from Defendant for the months of January 2003 through and including December 2005 and August 2006 through and including July 2007 have not been made and are now due and owing. By reason thereof, Defendant is liable to Plaintiff Health Fund in the sum of $126,122.93 for the period stated.

11. No prior application has been made for the relief requested herein.

### AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

12. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "8" of this Complaint with the same force and effect as if set forth at length herein.

13. Contributions to the Retirement Fund from Defendant for the months of January 2003 through and including December 2005 and May 2006 through and including

July 2007 have not been made and are now due and owing. By reason thereof, Defendant is liable to Plaintiff Retirement Fund in the sum of $63,562.17 for the period stated.

14. No prior application has been made for the relief requested herein.

### AS AND FOR A THIRD CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE LUGGAGE WORKERS UNION RETIREMENT FUND AGAINST DEFENDANT

15. Plaintiff Trustees of the Luggage Workers Union Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "8" of this Complaint with the same force and effect as if set forth at length herein.

16. Contributions to the Luggage Workers Union Retirement Fund from Defendant for the months of January 2003 through and including December 2005 and May 2006 through and including July 2007 have not been made and are now due and owing. By reason thereof, Defendant is liable to Plaintiff Luggage Workers Union Retirement Fund in the sum of $28,925.76 for the period stated.

17. No prior application has been made for the relief requested herein.

### AS AND FOR A FOURTH CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE FUNDS AGAINST DEFENDANT

18. Plaintiff Trustees of the Funds repeat and reallege each and every allegation contained in paragraphs "1" through "17" of this Complaint with the same force and effect as if set forth at length herein.

19. Defendant is now failing and, upon information and belief, will continue to fail to make contributions to the Funds in accordance with the terms and conditions of such Funds and the collective bargaining agreement between Defendant and the Union unless restrained by the Court.

20. No prior application for the relief requested herein.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a. Directing Defendant to pay to the UNITE HERE National Health Fund the sum of $126,122.93;

b. Directing Defendant to pay to the UNITE HERE National Retirement Fund the sum of $63,562.17;

c. Directing Defendant to pay to the Luggage Workers Union Retirement Fund the sum of $28,925.76;

d. Directing Defendant to pay to the UNITE HERE National Health Fund, the UNITE HERE National Retirement Fund, and the Luggage Workers Union Retirement Fund interest on the sums set forth in paragraphs "(a)", "(b)" and "(c)" herein, to be computed at an interest rate as prescribed by the Funds' respective Plan Rules, pursuant to Section 502(g)(2)(C)(i) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i);

e. Directing Defendant to pay to the UNITE HERE National Health Fund, the UNITE HERE National Retirement Fund, and the Luggage Workers Union Retirement Fund liquidated damages, to be computed at a rate as prescribed the Funds' respective Plan Rules, pursuant to Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii);

f. Directing Defendant to pay to the UNITE HERE National Health Fund, the UNITE HERE National Retirement Fund, and the Luggage Workers Union Retirement Fund the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

g. Directing that Defendant be restrained and enjoined permanently from becoming or remaining delinquent in its contributions to the UNITE HERE National Health Fund, the UNITE HERE National Retirement Fund, and the Luggage Workers Union Retirement Fund, and ordering defendant to make such contributions in accordance with the

terms and conditions of the Funds' respective rules and regulations and the collective bargaining agreement between Defendant and the Union.

      h.    Granting such other legal and equitable relief as the Court deems appropriate.

Dated: New York, New York
       October 15, 2007

          Trustees of the UNITE HERE National Health Fund; Trustees of the UNITE HERE National Retirement Fund; and Trustees of the Luggage Workers Union Retirement Fund

By: /s/ Mark Schwartz
Mark Schwartz, Esq. (MS-0148)
Attorney for Plaintiffs
730 Broadway – 10th Floor
New York, New York 10003
(212) 539 – 5275