UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE UNITE HERE NATIONAL HEALTH FUND; TRUSTEES OF THE UNITE HERE NATIONAL RETIREMENT FUND; and TRUSTEES OF THE LUGGAGE WORKERS UNION RETIREMENT FUND,

    Plaintiffs,

-against-

BAG SPECIALIST, INC.,

    Defendant.

ORDER TO SHOW CAUSE FOR ENTRY OF DEFAULT JUDGMENT
07 Civ. 6188 (RMB)

Upon the annexed Affidavits of Mark Schwartz, Esq., sworn to the 30th day of October 2007 and upon all the proceedings had herein;

Let the defendant, Bag Specialist, Inc., or its attorneys show cause before this Court, to be held at the United States Courthouse thereof, located at 500 Pearl Street, Courtroom 21D, New York, New York 10007, on the 20th day of Nov., 2007, at 10:00 a.m., or as soon thereafter as counsel may be heard, why an Order and Judgment should not be entered against the defendant Bag Specialist, Inc. and in favor of plaintiff Trustees of the UNITE HERE National Health Fund in the principal amount of $126,122.93, plus interest, liquidated damages, attorneys' fees and costs, and in favor of plaintiff Trustees of the UNITE HERE National Retirement Fund in the principal amount of $63,562.17, plus interest, liquidated damages, attorneys' fees and costs, and in favor of plaintiff Trustees of the Luggage Workers Union Retirement Fund in the principal amount of $28,925.76, plus interest, liquidated damages, attorneys' fees and costs, and directing that defendant be restrained and enjoined permanently from becoming or remaining delinquent in its contributions to plaintiffs, and ordering defendant to make such contributions in accordance with the terms and conditions of the Funds' rules and regulations and the collective bargaining agreement between defendant and the Intimate Apparel, Embroidery, Belt & Allied Workers Union, Local 62-32, UNITE, successor in interest to the Luggage & Brush Workers Union, Local 60, I.L.G.P.N. & S.W.U., and such other and further relief as may be proper.

Service of a copy of this Order, together with the Affidavit annexed hereto, on the defendant or his attorney on or before the 8th day of November, 2007, by personal service, shall be deemed sufficient.

Dated: 10/31/07
New York, New York

RMB
_____
Richard M. Berman
United States District Court Judge
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/31/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE UNITE HERE NATIONAL HEALTH FUND; TRUSTEES OF THE UNITE HERE NATIONAL RETIREMENT FUND; and TRUSTEES OF THE LUGGAGE WORKERS UNION RETIREMENT FUND,<br>　　　　　　　　　　　Plaintiffs,<br><br>-against-<br><br>BAG SPECIALIST, INC.,<br>　　　　　　　　　　　Defendant. | AFFIDAVIT IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW CAUSE FOR ENTRY OF DEFAULT JUDGMENT<br>07 Civ. 6188 (RMB) |

STATE OF NEW YORK　　）
　　　　　　　　　　　） ss.
COUNTY OF NEW YORK　）

　　**Mark Schwartz, Esq.**, being duly sworn, deposes and says as follows:

　　1.　　I am the attorney for the Trustees of the UNITE HERE National Health Fund; Trustees of the UNITE HERE National Retirement Fund; and Trustees of the Luggage Workers Union Retirement Fund (hereinafter, the "Petitioners"), and am duly admitted to practice before this Honorable Court and am fully familiar with the facts and prior proceedings had herein.

　　2.　　I submit this Affidavit in support of the instant application for an Order to Show Cause for Entry of a Default Judgment.

　　3.　　The movants are the UNITE HERE National Health Fund; UNITE HERE National Retirement Fund; and Luggage Workers Union Retirement Fund (hereinafter, the "Funds") and plaintiffs in the instant action.

　　4.　　This action was commenced on July 3, 2007 by the filing of the Complaint which seeks Judgment against defendant Bag Specialist, Inc. to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1145. A copy of the Summons and Complaint is annexed hereto, as **Exhibit A**. On September 28, 2007, Plaintiffs filed their First Amended Complaint with the Court. A copy of Plaintiffs' First Amended Complaint is annexed hereto as **Exhibit B**. On October 29, 2007, Plaintiffs filed their Second Amended Complaint with the Court. A copy of the Second Amended Complaint is annexed hereto as **Exhibit C**.

　　5.　　This Court has personal jurisdiction over the defendant in accordance with the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(e)(2), which provides in pertinent parts:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where defendant resides or

may be found, and process may be served in any other district where defendant resides or may be found.

Plaintiffs' sole place of business is 730 Broadway, New York, New York 10001. Thus, venue is proper in this Court.

6. Defendant was served on July 11, 2007 with a copy of the Summons and Complaint by personal service. A copy of the Affidavit of Service is annexed hereto as **Exhibit D**. Defendant was served on August 27, 2007 with the First Amended Complaint. A copy of the Affidavit of Service is annexed hereto as **Exhibit E**. Defendant was served on October 17, 2007 with the Second Amended Complaint. A copy of the Affidavit of Service is annexed hereto as **Exhibit F**.

7. Defendant has not appeared, answered or otherwise moved with respect to the Summons and Complaint, the First Amended Complaint or the Second Amended Complaint.

8. Defendant has not requested any extensions of time to appear, answer or otherwise move with respect to the Complaint, First Amended Complaint and Second Amended Complaint.

9. Defendant has defaulted in appearance in the within action, which default has been duly noted by the Clerk of the Court as reflected in the Clerk's Certificate of Default issued on October 30, 2007, and annexed to these papers.

10. Defendant is not an infant or incompetent person or in the military service of the United States.

11. To date, defendant has not paid any portion of the debt due to the plaintiffs and the debt remains outstanding.

12. As permitted by ERISA Section 502(g)(2), 29 U.S.C. § 1142(g)(2), the Agreements and Declarations of Trust of plaintiffs Funds provide for interest on delinquent contributions at the rate of one percent (1%) per month or part thereof, and liquidated damages at an amount equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions. Copies of the relevant sections of the Agreements and Declarations of Trust are annexed hereto as **Exhibit G**.

13. Plaintiff Trustees of the UNITE HERE National Health Fund are entitled to Judgment in the principal amount of $126,122.93, plus interest computed at 1% per month or part thereof on the delinquent contributions from the date such contributions became due and owing to the date of judgment in the amount of $16,073.18; liquidated damages at an amount equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions in the amount of $25,224.59, all totaling $167,420.70.

14. Plaintiff Trustees of the UNITE HERE National Retirement Fund are entitled to judgment in the principal amount of $63,562.17, plus interest computed at 1% per month or part thereof on the delinquent contributions from the date such contributions became due and owing

to the date of judgment in the amount of $12,995.57; liquidated damages at an amount equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions in the amount of $12,995.57, all totaling $89,553.31.

15. Plaintiff Trustees of the Luggage Workers Union Retirement Fund are entitled to judgment in the principal amount of $28,925.76, plus interest computed at 1% per month or part thereof on the delinquent contributions from the date such contributions became due and owing to the date of judgment in the amount of $4,276.55; liquidated damages at an amount equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions in the amount of $5,785.15, all totaling $38,987.46.

16. Plaintiffs are entitled to judgment for costs in the amount of $350.00 for the filing fee of the instant action, as permitted by ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D).

17. Plaintiffs also are entitled to judgment directing that defendant be restrained and enjoined permanently from becoming or remaining delinquent in its contributions to plaintiffs Health Fund and Retirement Fund, and ordering defendant to make such contributions in accordance with the terms and conditions of the Funds' rules and regulations and the collective bargaining agreement between defendant and the Intimate Apparel, Embroidery, Belt & Allied Workers Union, Local 62-32, UNITE, successor in interest to the Luggage & Brush Workers Union, Local 60, I.L.G.P.N. & S.W.U., and such other and further relief as may be proper.

18. No previous application for the relief requested herein has been made.

**WHEREFORE**, the undersigned respectfully requests that the Court grant Judgment on Default, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Civil Rules of this Court, against defendant Ruffolo Bros., Inc.

_____
Mark Schwartz, Esq.

Sworn to, before me, this
30th day of October 2007.

_____
Notary Public

**SABRINA BROOKS**
**Notary Public, State of New York**
No. 01BR6152502
Qualified in Queens County,
Commission Expires 7/18/2010