```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x

TRUSTEES OF THE UNITE HERE NATIONAL   :
HEALTH FUND; TRUSTEES OF THE UNITE
HERE NATIONAL RETIREMENT FUND; and    :
TRUSTEES OF THE LUGGAGE WORKERS
UNION RETIREMENT FUND,                :

                        Plaintiffs,:    REPORT AND RECOMMENDATION

                                      :   07 Civ. 6188 (RMB)(MHD)
            -against-
                                      :
BAG SPECIALIST, INC.
                                      :
                         Defendants.
--------------------------------------x
```

**TO THE HONORABLE RICHARD M. BERMAN, U.S.D.J.:**

Plaintiffs are the trustees of the Unite Here National Health Fund ("Health Fund") the Unite Here National Retirement Fund ("Retirement Fund"), and the Luggage Workers Union Retirement Fund ("Luggage Workers Retirement Fund"). They commenced this action on July 3, 2007, seeking damages from defendant BAG Specialist, Inc. for its failure to pay contributions to the three funds in accordance with a collective bargaining agreement and the statutory obligations imposed by section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

Defendant failed to answer or otherwise respond to the complaint. On November 20, 2007, the court entered a default

1

judgment against defendant for delinquent contributions to each of the three funds for the periods from January 2003 through December 2005 and from August 2006 through July 2007. The District Court also referred the case to me to conduct an inquest.

Based on the submissions of plaintiffs, we now recommend entry of judgment in their favor, awarding them (1) $108,653.00 in delinquent contributions for the period from August 2006 through July 2007, (2) $19,227.21 in interest, (3) $21,730.61 in liquidated damages, (4) $98,846.69 in delinquent contributions and interest for the period from January 2003 through December 2005 and (5) $350.00 in filing costs.

A. Procedural Background

Plaintiffs filed their original complaint on July 3, 2007, their first amended complaint on September 28, 2007, and their second amended complaint on October 29, 2007. Although defendant was served with the summons and copies of the respective complaints, it failed to file an answer or otherwise respond. Accordingly, on November 20, 2007, the District Court entered a default judgment against defendant and referred the matter to this court to conduct an inquest on damages.

By order dated December 13, 2007, we directed plaintiffs to file papers in support of their application for relief. They did so in February 2008, and defendant, which was given the opportunity to respond, chose not to do so. We subsequently directed that plaintiffs provide supplemental papers clarifying and correcting their calculation of damages, which they did in the form of a declaration by Floyd Zaremba, a field audit supervisor of the administrator of the funds.

B. The Evidentiary Record

Defendant's default has the effect of conceding the well-pled allegations of the complaint pertaining to liability, though it is not an admission of damages. See, e.g., Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995); Greyhound Exhibitgroup, Inc. v. E.L.U. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). Thus, we rely on the factual allegations of the latest version of the complaint as well as the Zaremba declaration in support of plaintiffs' application for an award of damages, interest, liquidated damages and costs. See, e.g., Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991) (citing Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

3

Defendant was a party to a series of collective bargaining agreements ("CBAs") with Intimate Apparel, Embroidery, Belt and Allied Workers Union, Local 62-32, UNITE HERE (successor in interest to the Luggage & Brush Workers' Union, Local 60, AFL-CIO, I.L.G.P.N., AFL-CIO) ("the Union"). (Decl. of Floyd Zaremba executed July 3, 2008 ("Zaremba Decl.") ¶ 4). These CBAs were in effect from January 1, 2003, through April 26, 2006, and were then extended for three years and modified by a letter of agreement ("LOA") dated April 26, 2006. (Id. at ¶ 4, Exs. A & B; Second Amended Compl. ¶¶ 8, 10, 13, 16).

Pursuant to the CBA and LOA, defendant was to make monthly contributions to the plaintiff funds. The CBA and LOA also detail the contribution rates to be used in calculating the amounts due to the funds. (Zaremba Decl. ¶ 4).

## ANALYSIS

A. Unpaid Contributions for August 2006 Through July 2007

For the period from August 2006 through July 2007, the CBA, as modified by the LOA, obligated defendant to contribute $160.90 per month for each of 47 employees to the Health Fund to cover medical insurance and a prescription drug benefit. (Id., Ex. B (LOA)). After the subtraction of partial payments made in

4

January, February, and March 2007, defendant owes the Health Fund for this period $76,398.94. (Id. at ¶ 3).

For the period from January 2007 through July 2007, the CBA obligated defendant to contribute monthly two percent of its payroll (estimated at $54,424.29 based on the last payroll remittance report received by the Health Fund) to a Vacation Benefit administered by the Health Fund. (Id. at ¶ 7, Ex. A ¶ 6(d) (CBA), Ex. C). Defendant failed to make any contribution for this benefit. Based on its payroll, the principal amount due for the Vacation Benefit is $7,619.43. (Id. at ¶ 7).

For the period from May 2006 through December 2006, the LOA obligated defendant to contribute 1.033% of payroll per month to the Retirement Fund; for the period from January 2007 through July 2007 this percentage was reduced to one percent. (Id. at ¶ 8, Ex. B ¶ 2). Using the same payroll estimate of $54,424.29, the auditor calculated the principal amount due to the Retirement Fund as $8,307.28, all of which is unpaid. (Id. at ¶ 8).

For the period from May 2006 through July 2007, the CBA obligated defendant to contribute two percent of its payroll monthly to the Luggage Workers Retirement Fund. (Id. at ¶ 10, Ex. A ¶ 29). With a payroll of $54,424.29 per month, the defendant was obligated to contribute to the Luggage Workers Retirement

5

Fund a total of $16,327.35 for the period. (Id. at ¶ 10). Since it made no contribution, the full principal is still owed.

B. Interest

As permitted by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the Agreements and Declarations of Trust of the plaintiff funds provide for interest on delinquent contributions at the rate of one percent per month or part thereof. (Id. at ¶¶ 12, 15, 16, 18 & Ex. D (Agreements and Declarations of Trust)). The interest due to the plaintiff funds is therefore calculated by multiplying the contributions due by one percent and then multiplying this sum by the number of months from the due date of the contributions through July 2007, the month when plaintiffs filed their current lawsuit.[1]

The auditor calculated interest for the Health Fund for the period from August 2006 through July 2007, and it totals $13,398.68. (Id. at ¶ 13). Interest for the Vacation Benefit is calculated from January 2007 through July 2007, and amounts to $1,142.91. (Id. at ¶ 14). Interest for the Retirement Fund is calculated from May 2006 through July 2007, and totals $1,583.44.

---

[1] Plaintiffs seek interest only through July 2007, (Zaremba Decl. ¶¶ 13-18), although they presumably could obtain pre-judgment interest calculated through the date of entry of judgment.

6

(Id. at ¶ 16). Interest for the Luggage Workers Retirement Fund is calculated from May 2006 through July 2007, and totals $3,102.18. (Id. at ¶ 18).

### C. Liquidated Damages

As permitted by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the Agreements and Declarations of Trust of the plaintiff funds provide for liquidated damages at an amount equal to the greater of interest on the delinquent contributions or twenty percent of the delinquent contributions. (Zaremba Decl. ¶¶ 12, 15 & Ex. D). Interest on the unpaid Health Fund contributions, including the Vacation Benefit contribution, totals $14,541.59. (Id. at ¶ 15). Twenty percent of those same delinquent contributions to the Health Fund is $16,803.68. (Id.) Therefore, defendant owes liquidated damages to the Health Fund in the amount of $16,803.68. Twenty percent of the delinquent contributions to the Unite Here Retirement Fund is $1,661.46. Since this figure exceeds the amount of interest owed on these delinquent contributions, defendant owes $1,661.46 in liquidated damages to the Retirement Fund.[2] Twenty percent of the delinquent

---

[2] We note that the Zaremba declaration incorrectly states that the total of delinquent contributions to the Unite Here Retirement Fund is $7,915.88. (Zaremba Decl. ¶ 17). As we calculated, and as is specified in paragraphs 8 and 9 of the declaration, the delinquent contributions to the Retirement Fund total $8,307.28. (Id. at ¶¶ 8-9).

7

contributions to the Luggage Workers Retirement Fund is $3,265.47, and exceeds the interest due to the fund. Accordingly, defendant owes $3,265.47 in liquidated damages to the Luggage Workers Retirement Fund.[3]

D. Audit Deficiencies

Based on an audit of defendant's books and records in 2007, plaintiffs determined that defendant underpaid its required contributions to the plaintiff funds for the period from January 1, 2003 through December 31, 2005. (Id. at ¶ 20, Ex. E (July 16, 2007 Audit Letter from Amalgamated Life to Bag Specialist Inc.)). The Health Fund audit deficiency was calculated using a five-percent-of-payroll formula for the period from January 1, 2003 through April 30, 2003, and a per-capita formula of $115.00 per employee per month for the period May 1, 2003, through December 31, 2005. (Id. at ¶ 21). For January 1, 2003 through April 30, 2003, the calculated deficiencies -- attributable to under-reported payroll -- totaled $646.07, to which the auditor applied a nine-percent compounded interest rate for 50 months, totaling $938.71. (Id. at ¶ 22).[4]

---

[3] We note that the Zaremba declaration incorrectly states that twenty percent of the delinquent contributions to the Luggage Workers Retirement Fund is $3,107.97, and thus says this is the amount due in liquidated damages. (Zaremba Decl. ¶ 19). However, twenty percent of $16,327.35 is $3,265.47.

[4] The 50 months reflected the number of months between the date the contributions became due and the date of the audit report.

For the period from May 1, 2003, through December 31, 2005, the calculated deficiencies total $37,260.00, to which the auditor applied a nine-percent compounded interest rate for 18 months, yielding a total owed of $42,623.96. (Id. at ¶ 23).[5] The Vacation Benefit, administered by the Health Fund, was also included in the audit. The calculated deficiencies for this benefit plus interest (nine percent compounded for 18 months) totals $4,922.63. (Id. at ¶ 25).

The audit also revealed deficiencies in contributions to the Luggage Workers Retirement Fund. Required contributions were calculated using the two-percent-of-payroll formula required under the CBA. The contribution deficiencies -- attributable to under-reporting of payroll -- plus interest (nine percent compounded for 18 months) total $4,922.63. (Id. at ¶ 24).

Lastly, the CBA required the defendant to contribute sixteen cents per hour worked by employees covered by the CBA to the Unite National Cotton Pension Fund - Headwear Division, starting April 23, 2003. Defendant failed to remit this contribution from

---

(Id. at ¶ 22).

[5] This deficiency resulted from defendant's under-reporting of the numbers of covered employees. (Zaremba Decl. ¶ 23). We note that the Zaremba declaration mistakenly switches the totals for actual and reported employees. (Id. at ¶ 23). The total was apparently 1,653, whereas defendant reported only 1,329.

9

May 31, 2005 to December 31, 2005. With nine-percent compounded interest added for 18 months, the total owed is $45,438.76. (Id. at ¶¶ 26-27).[6]

### E. Costs

In pursuing defendant's delinquent contributions, plaintiffs incurred costs of $350.00 for the court filing fee. (Id. at ¶ 28). ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), mandates the award of costs in actions to collect delinquent contributions, pursuant to ERISA Section 515, 29 U.S.C. § 1145. We therefore recommend that plaintiffs be awarded their costs in the amount of $350.00.

## CONCLUSION

For the foregoing reasons, we recommend entry of a judgment in favor of plaintiffs awarding them (1) $108,653.00 in unpaid contributions for May 2006 through July 2007, (2) $19,227.21 in interest on the unpaid 2006-2007 contributions, (3) $21,730.61 in liquidated damages, (4) $98,846.69 in unpaid contributions due from January 2003 through December 2005, plus interest, and (5) $350.00 in filing costs, or a total of $248,807.51.

---

[6]The Cotton Fund was a predecessor of the Unite Here Retirement Fund. (Zaremba Decl. ¶ 26 n.3). Hence plaintiffs have standing to pursue this claim.

10

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Richard M. Berman, Room 650, 500 Pearl Street, New York, New York, 1007, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York, 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Sec'y of Health & Human Serv., 892 F.2d, 16 (2d Cir. 1989); 28 U.S.C. § 636(b) (1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: New York, New York
September 2, 2008

RESPECTFULLY SUBMITTED,

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been mailed this date to:

Mark Schwartz, Esq.
David Sapp, Esq.
Amalgamated Life Insurance Co. Inc.
730 Broadway
New York, NY 10038

Bag Specialist, Inc.
900 Passaic Avenue, Building 53
5th Floor
Newark, NJ 07029